**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Morris Pardee ADKINS, M.D., and
Franklin Dalano Holefield,
Defendants/Appellants.**

No. 80–1608.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1981.

Decided Aug. 13, 1982.

Maurice Harwick, Encino, Cal., for defendants-appellants.

Robert A. Pallemon, Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and FLETCHER, Circuit Judges, and VON DER HEYDT,* District Judge.

PER CURIAM:

Defendants Adkins and Holefield appeal their conviction for violation of both 42 U.S.C. § 1396h(b)(1)(A) (Supp. III 1979) (receiving kickbacks for medicaid referrals) and 18 U.S.C. § 371 (1976) (conspiracy). Our jurisdiction rests on 28 U.S.C. § 1291 (1976). We reverse.

Defendant Adkins, a medical doctor, allegedly received kickbacks from MSI Laboratories, a clinical laboratory, for referring his medicaid and medi-cal patient lab work to MSI. Defendant Holefield, a friend of Dr. Adkins, allegedly aided and abetted the kickback scheme as the payee of the kickback checks from MSI. An indictment charged both Adkins and Holefield with three counts for violations of 42 U.S.C. § 1396h(b)(1)(A) and one count for conspiracy to violate section 1396h(b)(1)(A). Section 1396h(b)(1)(A) provides:

> (b)(1) Whoever solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind—
>
> (a) *in return for referring an individual* to a person for the furnishing or arranging for the furnishing of an item or service for which payment may be made in whole or in part under this subchapter,
>
> .     .     .     .     .
>
> shall be guilty of a felony....

(emphasis added). Both parties agree that no individual patients traveled from Dr. Adkin's office to MSI; instead Dr. Adkins sent patient urine and blood specimens to MSI for analysis.

In *United States v. Stewart Clinical Laboratory, Inc.*, 652 F.2d 804 (9th Cir. 1981), we held that an indictment charging a violation of section 1396h(b)(2)(A) (*payment* of kickbacks for medicaid referrals) could not be the basis for a conviction under that section where no individual patients traveled between the doctor's office and the

---

* Hon. James A. von der Heydt, Chief United States District Judge, District of Alaska, sitting     by designation.

laboratory, but rather specimens were delivered. The statute in *Stewart* and the statute here are identical except that the subsection in *Stewart* addresses payment while the statute here addresses solicitation or receipt of remuneration. Because there is no significant difference [1] between *Stewart* and this case we find ourselves bound by *Stewart*. Accordingly we reverse both defendants' convictions on all counts.

REVERSED.

---

1. The only notable difference between this case and *Stewart* is that in *Stewart* the trial judge sought to amend the indictment through his jury instructions. Here, the judge instructed the jury in the language of the statute requiring referral of *individuals*. Even though there was no evidence in this case that defendants referred any individuals to MSI, the jury convicted each defendant on all counts of the indictment. Accordingly, in this case there was insufficient evidence to support defendants' convictions as charged. The *Stewart* court was not required to address explicitly the sufficiency of the evidence issue.